## United States District Court

**FILED**

NORTHERN DISTRICT OF CALIFORNIA

MAY X 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

FERNANDO LOPEZ-MARTINEZ
a/k/a Fernando Martinez, a/k/a Fernando Martinez-Lopez, and a/k/a Fernando Lopez

Venue: San Francisco

**CRIMINAL COMPLAINT**

CASE NUMBER:

3 08 70261

EMC

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 29, 2008 in San Francisco County, in the Northern District of California defendant did,

**OFFENSE:** FERNANDO LOPEZ- (a/k/a Fernando Martinez, Fernando Martinez-Lopez, and Fernando Lopez), an alien, after having been removed, excluded, and deported from the United States, was thereafter found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States, in violation of Title 8 United States Code, Section(s) 1326.

I further state that I am a DEPORTATION OFFICER/PLK ~~Special Agent~~ (Official Title) and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT IN SUPPORT OF THIS COMPLAINT

**PENALTIES:** Imprisonment for not more than 20 years, a fine of not more than $250,000.00, a $100.00 dollar special assessment, and 3 years supervised release.

APPROVED AS TO FORM: _____
ASSISTANT UNITED STATES ATTORNEY

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Warrant of Arrest Requested: ☒ Yes ☐ No
Bail Amount: **NO BAIL**

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

5/1/08 at San Francisco, California
Date                     City and State

**Honorable Edward M. Chen**
**United States Magistrate Judge**
Name & Title of Judicial Officer         Signature of Judicial Officer

| | |
|---|---|
| STATE AND NORTHERN DISTRICT OF CALIFORNIA | ) |
| | ) ss, AFFIDAVIT |
| COUNTY OF SAN FRANCISCO | ) |

The undersigned, being duly sworn, do hereby state:

## I. INTRODUCTION

1.      My name is Polly E. Kaiser, and I have been a Deportation Officer with the U. S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), formerly the United States Department of Justice (DOJ), Immigration and Naturalization Service (INS), for approximately five years. I am currently assigned under the Field Office Director, San Francisco, California (FOD/SF) in the Detention and Removal Operations (DRO) division. I am presently attached to the Prosecutions Unit of the Criminal Alien Program, a group that is responsible for enforcing federal criminal statutes involving criminal aliens who reenter the United States illegally.

2.      As set forth below, I believe that probable cause exists to support a complaint against Fernando Lopez-Martinez (aka: Fernando Martinez, Fernando Martinez-Lopez and Fernando Lopez) for a violation of Title 8, United States Code § 1326. The facts set forth in this Affidavit are based on my review of the official Immigration Service file (A77 595 818) and the automated criminal records (CII: A226167703 and FBI: 333219XA0) of Fernando Lopez-Martinez, my personal observations, my training and experience, and where noted, information related to me by other law enforcement officials. However, the facts set forth in this Affidavit are not all facts related to Fernando Lopez-Martinez that are known to me.

## II. APPLICABLE LAW

3.      Title 8 U.S.C. § 1326 provides criminal penalties for "any alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act . . . ."

## III. STATEMENT OF PROBABLE CAUSE

4.      Fernando Lopez-Martinez is a 26 year-old male who is a native and citizen of Mexico, who last entered the United States illegally by crossing the international border with Mexico on or about December 2007 via Calexico, California, and knowingly remained in the United States without first having obtained the consent to reapply for admission from the Attorney General of the United States or the United States Secretary of Homeland Security.

5.  The official Immigration Service file for Fernando Lopez-Martinez contains six executed Warrants of Removal. The first Warrant of Removal indicates that Fernando Lopez-Martinez was last removed from the United States to Mexico at Otay Mesa, California, on May 12, 2000.

6.  The second executed Warrant of Removal for Fernando Lopez-Martinez indicates that he was removed from the United States to Mexico at Nogales, Arizona on August 22, 2001.

7.  The third executed Warrant of Removal for Fernando Lopez-Martinez indicates that he was removed from the United States to Mexico at San Ysidro, California on April 11, 2002.

8.  The fourth executed Warrant of Removal for Fernando Lopez-Martinez indicates that he was removed from the United States to Mexico at Calexico, California on February 24, 2003.

9.  The fifth executed Warrant of Removal for Fernando Lopez-Martinez indicates that he was removed from the United States to Mexico at Nogales, Arizona on July 16, 2004.

10. The sixth executed Warrant of Removal for Fernando Lopez-Martinez indicates that he was removed from the United States to Mexico at San Ysidro, California on May 26, 2007.

11. On April 29, 2008, Lopez-Martinez was released to ICE custody from San Francisco County Jail. On the same day, a sworn statement was taken from Lopez-Martinez by ICE Agents Anthony Taitague and Brian Beliso after Lopez-Martinez was advised of his *Miranda* rights and the right to speak with the consular or diplomatic officers of his country of citizenship. Lopez-Martinez waived those rights and gave a sworn statement in which he admitted that he was a citizen of Mexico and that he had been previously deported. Fernando Lopez-Martinez also admitted that he had returned to the United States without having first obtained permission to re-enter from either the Secretary of the Department of Homeland Security or the Attorney General of the Department of Justice.

12. Also on April 29, 2008, at the ICE San Francisco District Office located in San Francisco, California, Lopez-Martinez's fingerprints and photos were submitted into the Auto Biometric Identification System (IDENT). IDENT information confirmed Lopez-Martinez's identity under Fingerprint Identification Number (FINS) 11324264.

13. On April 30, 2008, a full set of rolled fingerprints from Lopez-Martinez were submitted to the Automated Fingerprint Identification System (AFIS) for further verification of identity. Along with the full set of prints, a right index print from four of the six Warrants of Removal (executed on 4/11/02, 2/24/03, 7/16/04 and 5/26/07) for Lopez-Martinez and the right and left index prints from the Sworn Statement taken from Fernando Lopez-Martinez dated April 29, 2008 were all submitted for comparison. The fingerprint examiner positively identified the fingerprints as belonging to Fernando Lopez-Martinez (FBI Record No. 333219XA0) who had been previously deported from the United States.

14.    There is no indication in ICE's official files that Lopez-Martinez has applied for or been granted the requisite permission to re-enter the United States from either the Attorney General of the United States or the Secretary of the Department of Homeland Security. Further, in his sworn statement, Lopez-Martinez admitted that he had not applied to the Attorney General or the Secretary of the Department of Homeland Security for permission to re-enter the Unites States after deportation.

## IV. CONCLUSION

15.    On the basis of the above information, I submit that there is probable cause to believe that Fernando Lopez-Martinez illegally reentered the United States following deportation, in violation of Title 8, United States Code § 1326.

Polly E. Kaiser
Deportation Officer U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
San Francisco, California

Subscribed and sworn to before me this ___ day of May 2008.

The Honorable Edward M. Chen
United States Magistrate Judge
Northern District of California
San Francisco, California

-3-